FILED
2020 Sep-24  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LIBORIO JAIMES, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CV-_____ |
| v. | ) |
| | ) |
| PENN CONSTRUCTION, INC., a domestic corporation; PENN PROPERTIES, INC., a domestic corporation; 1815 INVESTMENTS, LLC, a domestic limited liability company; 1815 MANAGEMENT COMPANY, LLC., a domestic limited liability company; FULTON HILLS, INC., a domestic corporation; FULTON HILLS II, INC., a domestic corporation; LEWIS RUSHING, an individual; and LANCE RUSHING, an individual, | ) |
| | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

---

# COMPLAINT

---

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq.* ("Fair Labor Standards Act" or "FLSA"). The

1

Plaintiff seeks payment for unpaid wages; overtime worked and liquidated damages that he was deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

## PARTIES, JURISDICTION & VENUE

1.   Plaintiff **Liborio Jaimes** ("Plaintiff" or "Jaimes") is over the age of nineteen (19), currently resides in Jefferson County, Alabama, and is a former employee of the Defendants. Plaintiff is Mexican American.

2.   Plaintiff was employed by all named Defendants. Plaintiff reported to work at multiple locations, worked at dozens of buildings, and was under the supervision and control of several individuals, who collectively owned, are members of, or are employees and/or agents of multiple business entities.

3.   Defendants' properties, business entities and agents are collectively referred to as the "Enterprise".

4.   During all times relevant to this Complaint, the Plaintiff was an hourly employee of the Defendants and was subject to the full

protection of the Fair Labor Standards Act and was not exempt from its coverage and/or protection.

5.     Defendant **Penn Construction, Inc.** ("Penn Construction") is a domestic corporation organized in the State of Alabama, which employed the Plaintiff to labor for its benefit in this district. Penn Construction issued payroll checks to the Plaintiff. Penn Construction lists its address as 1815 11th Avenue South, Birmingham, Alabama 35205.

6.     Defendant Penn Construction lists Lewis Rushing as its registered agent at P.O. Box 26143, Birmingham, AL 35209.

7.     Defendant **Penn Properties, Inc.** ("Penn Properties") is a domestic corporation organized in the State of Alabama, which is part of the Enterprise, which owns, manages, operates, renovates, holds one or more of the properties and/or business entities, which employed the Plaintiff and/or the agents that supervised and paid the Plaintiff. Penn Properties operates at 1815 11th Avenue South, Birmingham, Alabama 35205.

8.  Defendant Penn Properties lists Lewis Rushing as its registered agent at 100 Robert Jemison Drive, Suite #212, Birmingham, AL 35209.

9.  Defendant **1815 Investments, LLC** ("1815 Investments") is a domestic limited liability company organized in the State of Alabama, which owns, manages, operates, renovates, holds one or more of the properties and/or business entities, which employed the Plaintiff and/or the agents that supervised and paid the Plaintiff. 1815 Investments operates at 1815 11th Avenue South, Birmingham, Alabama 35205.

10. Defendant 1815 Investments lists Lewis Rushing as its registered agent at 1815 11th Avenue South, Birmingham, AL 35205.

11. Defendant **1815 Management Company, LLC** ("1815 Management") is a domestic corporation organized in the State of Alabama, which is part of the Enterprise, which owns, manages, operates, renovates, holds one or more of the properties and/or business entities, which employed the Plaintiff and/or the agents that supervised and paid the Plaintiff. 1815 Management operates at 1815 11th Avenue South, Birmingham, Alabama 35205.

4

12. Defendant 1815 Management lists Lewis Rushing as its registered agent at 1815 11th Avenue South, Birmingham, AL 35205.

13. Defendant **Fulton Hills, Inc.** ("Fulton Hills") is a domestic corporation organized in the State of Alabama, which is part of the Enterprise, which owns, manages, operates, renovates, holds one or more of the properties and/or business entities, which employed the Plaintiff and/or the agents that supervised and paid the Plaintiff. Fulton Hills operates at 1815 11th Avenue South, Birmingham, Alabama 35205.

14. Defendant Fulton Hills lists Lewis Rushing as its registered agent at 100 Robert Jemison Drive, Suite #212, Birmingham, AL 35209.

15. Defendant **Fulton Hills II, Inc.** ("Fulton Hills II") is a domestic corporation organized in the State of Alabama, which is part of the Enterprise, which owns, manages, operates, renovates, holds one or more of the properties and/or business entities, which employed the Plaintiff and/or the agents that supervised and paid the Plaintiff. Fulton Hills II operates at 1815 11th Avenue South, Birmingham, Alabama 35205.

16.   Defendant Fulton Hills II lists Lewis Rushing as its registered agent at 100 Robert Jemison Drive, Suite #212, Birmingham, AL 35209.

17.   Defendant **Lewis Rushing** ("Rushing") is an individual who is over the age of nineteen (19) and is a resident and citizen of Jefferson County, Alabama. Rushing owns, controls, operates and/or manages one or more of the named business Defendants and/or the Enterprise.

18.   Defendant Rushing is liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing, controlling, managing and supervising Plaintiff's schedule, pay and work.

19.   Defendant Rushing owns, controls, operates and/or manages one or more of the named business Defendants and/or the Enterprise.

20.   Defendant Rushing directly supervised the Plaintiff and routinely and customarily handed the payroll check to the Plaintiff.

21.   Defendant Rushing is liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing,

controlling, managing and supervising Plaintiff's schedule, pay and work.

22. The Defendants, whether singular or plural, individual, or legal entity are collectively referred to as "Defendants" throughout this complaint.

23. Defendants are engaged in the business of owning, renovating, managing, leasing, and operating real estate located in Jefferson County, Alabama and engaged in interstate commerce for the purposes of the FLSA.

24. Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not otherwise exempt from the requirements of this Act.

25. Original jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

26. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

27. The cause of action set forth in this Complaint arose in this District.

## FACTUAL ALLEGATIONS

28.   Plaintiff, Liborio Jaimes, was employed by, and an employee of, the Defendants.

29.   Plaintiff worked for Defendants from on or about March 2012 to August 28, 2020.

30.   Defendants employed the Plaintiff as a laborer, tasked with repairing sheetrock, cleaning apartments and painting apartment units and buildings.

31.   For Plaintiff's employment, the Defendants provided all the tools, equipment, and materials necessary for the Plaintiff to perform his work.

32.   Defendants provided and instructions, directions, training, and supervision to the Plaintiff.

33.   Defendants are engaged in commerce. To wit: Defendants buy, sale, lease manage and improve real estate. Defendants' patrons travel and engaged in interstate commerce. Defendants' business partners, employees, transactions affect interstate commerce. Defendants use electronic mail, the United States Postal Service,

the banking industry, telephone, credit card machines and other services, technology and/or agencies, affecting commerce.

34.   The Defendants performed the Enterprise related activities through common control by a person or persons for a common business purpose. In the alternative, the Defendants performed the Enterprise related activities through unified operation. Or both.

35.   Rushing, as the owner and registered agent of all Enterprise related entities, controlled the related activities through that network.

36.   This common business purpose – through common control and/or unified operation – by the Defendants is illustrated in the manner of Plaintiff's work. For example, Plaintiff believed he was hired by and worked for Penn Properties. He received checks for the relative pay periods from Penn Construction. But during any given work week, the Plaintiff would be assigned to perform work for the various Defendants identified in this complaint without regard to who hired him or wrote his checks. As such, the Defendants created a unified operation, which was controlled by Rushing.

37.   Based on this manner of assignment of work, the Plaintiff certainly viewed the work performed to be on behalf of the Enterprise rather

than solely for Penn Properties or Penn Construction. He saw them as integrated. Some examples of manner of work by the Plaintiff among the co-mingled entities follows.

38. While working for Defendants, depending on his assignment, the Plaintiff reported for work at several locations, including:

a. 1815 11th Avenue South, Birmingham, Alabama 35205;[1] and

b. 115 Citation Court, Birmingham, Alabama 35209.[2]

39. While working for Defendants, the Plaintiff was sent to work at many locations, including, but not limited to:[3]

a. Springville Landing Apartments – 1061 Huffman Road, Birmingham, Alabama 35215;

b. Town Square Village Apartments – 107 Town and Country Circle, Birmingham, Alabama 35215;

c. Tammera Place Apartments – 78 Tammera Place, Birmingham, Alabama 35215;

---

[1] This address serves as the primary business location for Penn Construction, Penn Properties, 1815 Investments, 1815 Management, Fulton Hills, and Fulton Hills II.

[2] 115 Citation Court is owned by SouthPoint LLC. The sole member of SouthPoint – according to the Alabama Secretary of State – is Lewis Rushing. The property taxes have been paid by Penn Properties since 2016. The location is a warehouse where the Plaintiff started to meet his immediate supervisor over the last few years. They would meet at this location because the supplies for the Enterprise related activities were stored there.

[3] The premises identified below were owned and/or operated by the Defendants identified herein.

    d. Fulton Ridge Apartments – 932 Decatur Highway, Fultondale, AL 35068;

    e. 3900 Avenue I – Ensley, Birmingham, Alabama 35218;

    f. 2500 Warrior Road – Ensley, Birmingham, Alabama 35208;

    g. 2032 Warrior Road – Ensley, Birmingham, Alabama 35208;

    h. 2845 24th Street – Ensley, Birmingham, Alabama 35208.

40. Plaintiff worked at other buildings owned, managed, improved, leased and/or operated by the Defendants and/or other business entities that form the Enterprise.

41. Defendants, either individually or collectively, gross over $500,000 in revenue each year, during the covered period.

42. Defendants' business entities, properties and/or investments comprised the Enterprise, which earns over $500,000 in revenue each year, during the covered period.

43. The Plaintiff was typically required to work more than fifty-eight (58) hours per week.

44. Plaintiff's weekly overtime varied week to week.

45. Plaintiff normally worked Monday to Friday. However, Plaintiff worked some Saturdays.

46.   Plaintiff normally began work at 7:00 a.m.

47.   Plaintiff ended his employment with Defendants on or about August 28, 2020.

48.   Defendants paid Plaintiff until August 26, 2020.

49.   Defendants owe Plaintiff two days of work, August 27-28, 2020.

50.   Plaintiff is not exempt from the overtime requirements of the Fair Labor Standards Act.

## The Scheme

51.   Plaintiff earned $17.00 per hour and was paid every other Friday.

52.   Plaintiff's paycheck consisted of a two-week period.

53.   Each pay period, Plaintiff was provided two checks.

54.   One check – pink check – was always for 80 hours for the pay period or 40 hours per week. An example of the pink check:

55.   The other check – blue check – included the number of hours for the prior work week over 40 hours for each week in the pay period. This check represented the overtime hours worked each pay period. However, those hours worked over 40 hours per week, were paid at the regular rate. An example of the blue check:



56.   Defendants' scheme of paying Plaintiff with two checks, to avoid paying overtime, evidences their willful violation of the FLSA.

57.   Defendants have extensive business knowledge that made them aware of their obligations to pay overtime.

58.   Defendants are aware of other similar obligations and requirements under the law, i.e. duty to pay taxes, duty to obtain

state, county, and city licenses to operate their business, duty to carry insurance, etc.

59.   Defendants pay overtime to other employees in the Enterprise, who are not from the protected class, as the Plaintiff.

60.   Defendants have a duty to maintain certain records under 29 U.S.C. § 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate his damages in this case.

61.   Defendants did not use a time clock to keep up with the Plaintiff's worked hours.

## COUNT ONE
## (VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)

62.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 61 as though fully set forth herein.

63.   Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked above forty (40) in a work week.

64.   Defendants' failure to comply with the law was willful.

65.   Defendants, by such failure, has willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE**, the Plaintiff requests this Court enter judgment in favor of Plaintiff and against the Defendants for the following relief:

a. All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' violations of his rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b); and,

b. A finding that Defendants willfully violated the Fair Labor Standards Act.

c. All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b).

## PLAINTIFF DEMANDS A TRIAL BY JURY

**Dated: September 24, 2020.**

Respectfully Submitted,

_____
Freddy Rubio (ASB-5403-d62r)
*Attorney for Jaimes*
RUBIO LAW FIRM, P.C.
438 Carr Avenue, Suite 1
Birmingham, AL 35209
t. 205.443.7858
e. frubio@rubiofirm.com

_____
Jason L. Yearout, (ASB-4487-t80j)
*Attorney for Jaimes*
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Suite 300
Birmingham, AL 35223
t. 205.414.8160
e. jyearout@yearout.net

15